UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



CHAMBERS OF
GARRETT E. BROWN, JR.
CHIEF JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4050
TRENTON, NJ 08608
(609)989-2009

RECEIVED
MAR 2 7 2007
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**ORIGINAL TO CLERK**

March 26, 2007

To:   All Parties

Re:   **East Coast Office Systems, Inc. v. Citicorp Vendor Finance, Inc.**
      **Civ. No. 06-24 (GEB)**

Dear Parties:

This matter comes before the Court upon defendant Citicorp Vendor Finance, Inc.'s ("Defendant") motion for sanctions pursuant to Federal Rules of Civil Procedure Rule 11. This case concerns Defendant's alleged sale of certain machines to plaintiff East Coast Office Systems, Inc. ("Plaintiff"). Plaintiff alleged that Defendant "improperly included sales tax in the calculation of the charges" for the machines that it sold to Plaintiff. (Compl. ¶ 1.) Plaintiff claimed that the invoices containing the charges "were false and misleading because Defendant has either collected monies under the deception that it was sales tax without remitting it to the proper taxing authorities and/or inflated the value of the dealer discount by the amount of sales tax represented for each transaction." (*Id.* ¶ 17.) According to the Complaint, "[b]y including sales tax in each upgrade transaction, Defendant misled Plaintiff . . . into paying more for each purchase and induced [it] to enter into transactions upon false pretenses." (*Id.* ¶ 18.)

Plaintiff filed the Complaint on January 4, 2006, asserting two claims: (1) violation of

1

the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*; and (2) unjust enrichment. (*Id.* ¶¶ 24, 31.)

On March 2, 2006, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6). On May 4, 2006, Defendant filed a separate motion seeking sanctions against Plaintiff and its counsel pursuant to Rule 11. On October 19, 2006, this case was reassigned to the undersigned.

On November 9, 2006, the Court granted Defendant's motion to dismiss and denied its motion for sanctions. On November 27, 2006, Plaintiff filed a motion to amend the Complaint, which the Court denied on February 8, 2007.

The present motion for sanctions was filed on January 30, 2007.

### Requirements for Imposing Sanctions Pursuant to Rule 11

Federal Rules of Civil Procedure Rule 11 was designed to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation . . . ." *Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1090-91 (3d Cir. 1988) (internal quotations omitted). Rule 11(b) provides that:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support

> or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). A court may impose sanctions for conduct prohibited by Rule 11(b). Rule 11(c) provides that:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11(c). The rule further provides that "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2).

The Third Circuit Court of Appeals has stated that for Rule 11 sanctions, the question is whether the conduct was "reasonable[] under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citations omitted). In this context, reasonableness has been defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Id.* (internal quotations omitted). Furthermore, bad faith is not required. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (citation omitted).

### Whether Defendant's Motion for Sanctions Should Be Granted

Defendant argues that Plaintiff should be sanctioned for seeking to amend the Complaint after the entry of judgment against it. According to Defendant, "a plaintiff seeking to amend its

3

complaint after the entry of judgment must provide an explanation to the court for its delay in doing so," and Plaintiff "did not provide the Court with any such explanation." (Def.'s Br. at 12.) Defendant argues that Plaintiff had numerous opportunities to amend the Complaint. According to Defendant, "[a]lthough the instant action was filed in this Court in January, 2006, [Plaintiff] has been litigating these exact same issues, based on the exact same facts[,] since its commencement of [a separate related action] more than three years ago." (*Id.* at 13.) Defendant argues that Plaintiff should have sought to amend the Complaint earlier, *e.g.* at the outset of this case, or in opposing Defendant's motion to dismiss. (*See id.* at 13-14.)

The Court finds Defendant's argument to be unpersuasive. On November 9, 2006, the Court dismissed the Complaint for Plaintiff's failure to adequately state a claim. Plaintiff attempted to reassert its claims by revising its allegations, and filed its motion within three weeks of the Court's dismissal of the original Complaint. The Court concludes that Plaintiff's conduct was "reasonable[] under the circumstances." *Ford Motor Co.*, 930 F.2d at 289 (citations omitted).

Defendant also argues that Plaintiff has alleged inconsistent facts during the course of this case. (Def.'s Br. at 16-18.) The Court considered and addressed that argument, however, in deciding Defendant's motion to dismiss. The Court agreed with Defendant, and granted its motion to dismiss partly on that basis. (*See* Mem. Op. at 7-9.) Although Plaintiff subsequently attempted to change its allegations by moving to amend the Complaint, the Court denied that motion. Rule 11 limits sanctions "to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). In light of the Court's dismissal of Plaintiff's claims and its denial of Plaintiff's motion to amend the

Complaint, the Court concludes that sanctions would be inappropriate.

For these reasons, Defendant's motion for sanctions is denied.

Very truly yours,

GARRETT E. BROWN, JR.
Chief Judge

cc:  Philip S. Rosen
Zeichner Ellman & Krause LLP
103 Eisenhower Parkway
Roseland, New Jersey 07068

Kevin P. Roddy
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095